**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NORTHERN TECHNOLOGIES INTERNATIONAL CORPORATION, 23900 Mercantile Road Beachwood, Ohio  44122 | CASE NO. |
| Plaintiff; | JUDGE |
| v. | JURY TRIAL DEMANDED |
| METPRO GROUP NORTH AMERICA 4831 W. Grand River Avenue Howell, MI 48855 | |
| Defendant. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND
DECEPTIVE TRADE PRACTICES**

Plaintiff, Northern Technologies International Corporation ("NTI"), alleges as follows for its Complaint against Defendant, MetPro Group North America ("MetPro"):

1.      This is an action at law and in equity for trademark infringement and dilution, trade dress infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); Ohio Revised Code § 4165.02; and the common law.

2.      Defendant MetPro is offering for sale and selling anticorrosive plastic film having a color that is a confusingly similar imitation of Plaintiff NTI's registered mark for the color yellow. MetPro's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and dilutes and tarnishes the distinctive quality of NTI's mark.

1

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over NTI's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.  In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    Upon information and belief, this Court has personal jurisdiction over MetPro because MetPro resides in this district.  This Court also has personal jurisdiction over MetPro because, on information and belief, Defendant has advertised, marketed, distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, has entered contracts with residents of this State, or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

5.    This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) and (c), because a substantial part of the events or omissions giving rise to NTI's claims occurred in this District, and because MetPro is subject to personal jurisdiction in this judicial district, and on that basis is deemed to reside in this district.

## PARTIES

6.    NTI is a Delaware corporation having its principal place of business at 4201 Woodland Road, Circle Pines, Minnesota  55014, and an office at 23900 Mercantile Road, Beachwood, Ohio 44122.

7.    Upon information and belief, MetPro is a Michigan partnership having its principal place of business at 4831 W. Grand River Avenue, Howell, MI 48855.

## FACTS

8.      Since long prior to the acts of MetPro complained of herein, NTI has been using the color yellow as a trademark ("the Yellow Color Mark") continuously since January 1979 in connection with anticorrosive plastic packaging products including but not limited to anticorrosive plastic film used for packaging metallic products, for industrial and consumer use ("VCI Plastic Packaging Products").

9.      As a result of NTI's continuous use of the Yellow Color Mark as a source identifier since January 1979, NTI has developed a reputation for quality with respect to its VCI Plastic Packaging Products sold under the Yellow Color Mark.

10.      As a result of its long usage, the Yellow Color Mark has become distinctive as a source indicator for NTI's yellow VCI Plastic Packaging Products.

11.      NTI is the owner of the entire right, title and interest in and to United States Trademark Registration No. 1,916,424 ("the '424 Reg.") of the Yellow Color Mark for anticorrosive plastic film used for packaging metallic products, for industrial and consumer use, in International Class 17, and NTI's right to use the mark in commerce for such goods is incontestable. A copy of the certificate of registration for the '424 Reg. is attached hereto as Exhibit 1 and a copy of specimen submitted January 21, 2015 is attached hereto as Exhibit 2.

12.      Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and the '424 Reg. is incontestable.

13.      The '424 Reg. constitutes conclusive evidence of the validity of the Yellow Color Mark and NTI's ownership of and exclusive right to use the Yellow Color Mark for the goods specified therein. 15 U.S.C. §§ 1065, 1115(b).

14.      NTI has generated extremely valuable goodwill that is symbolized by the Yellow Color Mark and associated with that mark in the minds of consumers. The success enjoyed by NTI

in selling VCI Plastic Packaging Products throughout the United States and elsewhere in the world under the Yellow Color Mark has resulted in the mark becoming an extremely valuable asset of NTI and the right to exclusive use of the mark is important to the continued success of NTI.

### METPRO'S INFRINGING CONDUCT

15.     MetPro has infringed NTI's trademark rights in the color yellow for VCI Plastic Packaging Products with full knowledge of NTI's rights with respect thereto and of NTI's federal registration thereof.  Such acts of infringement by MetPro have been and continue to be willful and deliberate and NTI believes they will continue in the future unless enjoined by this Court.

16.     Recently, MetPro began marketing and selling in the United States, including upon information and belief in Ohio, yellow colored Climacor® anticorrosive plastic film used for packaging metallic products for industrial and consumer use ("the MetPro Products").  An image of MetPro's yellow colored Climacor® film next to NTI's yellow VCI Plastic Packaging Product is attached hereto as Exhibit 3.

17.     MetPro's website and promotional materials for its Climacor® products distributed in the United States feature the Yellow Color Mark.

18.     NTI has not consented to MetPro's manufacture, sale, or distribution of the MetPro Products that use the Yellow Color Mark.

### COUNT 1

### TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT

19.     NTI incorporates herein by reference the allegations of the foregoing paragraphs 1 through 18.

20.     MetPro's use of confusingly similar imitations of NTI's Yellow Color Mark in association with MetPro's Climacor® anticorrosive plastic film has caused and is likely to cause

4

confusion, deception and mistake by creating the false and misleading impression that MetPro's goods are manufactured or distributed by NTI, or are affiliated, connected or associated with NTI, or have the sponsorship, endorsement or approval of NTI, or enjoy the level of service and technology of, or meet the standards of NTI's yellow VCI Plastic Packaging Products.  MetPro's actions thus constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

21.     MetPro's trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 demonstrates an intentional, willful and malicious intent to trade on the goodwill associated with NTI's Yellow Color Mark to the substantial and irreparable injury of NTI.

22.     MetPro's conduct has caused, and is likely to continue causing, substantial and irreparable harm to NTI.  NTI is entitled to injunctive relief and to recover MetPro's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 114, 1116 and 1117.

## COUNT 2

### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT

23.     NTI repeats and incorporates by reference the allegations of the foregoing paragraphs 1 through 22.

24.     MetPro's use of confusingly similar imitations of NTI's Yellow Color Mark in association with MetPro's Climacor® anticorrosive plastic film has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that MetPro's goods are manufactured or distributed by NTI, or are affiliated, connected or associated with NTI, or have the sponsorship, endorsement or approval of NTI, or enjoy the level of service and technology of, or meet the standards of NTI's yellow VCI Plastic Packaging Products.  MetPro's actions thus constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

25.     MetPro's acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with NTI's Yellow Color Mark to the substantial and irreparable injury of NTI.

26.     MetPro's conduct has caused, and is likely to continue causing, substantial and irreparable harm to NTI.  NTI is entitled to injunctive relief and to recover MetPro's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT 3

### DECEPTIVE TRADE PRACTICES IN VIOLATION OF OHIO REVISED CODE § 4165

27.     NTI repeats and incorporates by reference the allegations of the foregoing paragraphs 1 through 26.

28.     MetPro's use of confusingly similar imitations of NTI's Yellow Color Mark in association with MetPro's Climacor® anticorrosive plastic film has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that MetPro's goods are manufactured or distributed by NTI, or are affiliated, connected or associated with NTI, or have the sponsorship, endorsement or approval of NTI, or enjoy the level of service and technology of, or meet the standards of NTI's yellow VCI Plastic Packaging Products.  MetPro's acts thus constitute deceptive trade practices in violation of the Ohio Revised Code § 4165.02(a)(2) and (3).

29.     MetPro's acts of deceptive trade practices in violation of Ohio Revised Code § 4165.02 demonstrate an intentional, willful and malicious intent to deceive the public and trade on the goodwill associated with NTI's Yellow Color Mark to the substantial and irreparable injury of NTI.

6

30.     MetPro's conduct has caused, and is likely to continue causing, substantial and irreparable harm to NTI.  NTI is entitled to injunctive relief and to recover MetPro's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to Ohio Revised Code § 4165.03.

**COUNT 4**

**COMMON LAW TRADEMARK INFRINGEMENT**

31.     NTI incorporates herein by reference the allegations of the foregoing paragraphs 1 through 30.

32.     MetPro's use of confusingly similar imitations of NTI's Yellow Color Mark in association with MetPro's Climacor® anticorrosive plastic film has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that MetPro's goods are manufactured or distributed by NTI, or are affiliated, connected or associated with NTI, or have the sponsorship, endorsement or approval of NTI, or enjoy the level of service and technology of, or meet the standards of NTI's yellow VCI Plastic Packaging Products.  MetPro's acts thus constitute infringement of NTI's common law rights in the color yellow for VCI Plastic Packaging Products.

33.     MetPro's acts of trademark infringement demonstrate an intentional, willful and malicious intent to deceive the public and trade on the goodwill associated with NTI's Yellow Color Mark to the substantial and irreparable injury of NTI.  NTI cannot presently ascertain the extent of its damage and injury resulting from MetPro's trademark infringement.

**PRAYER FOR RELIEF**

WHEREFORE, NTI prays that:

1.      The Court enter judgment that NTI's Yellow Color Mark and NTI's U.S. Trademark Registration No. 1,916,424 of such mark are valid and infringed by MetPro.

2.      Defendant, MetPro, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them be compelled, pursuant to 15 U.S.C. § 1118, to destroy all of the MetPro Products and any advertising and promotional materials and the like in MetPro's possession or control relating to the MetPro Products which feature the color yellow, and file with the Court and serve on NTI an affidavit setting forth in detail the manner and form in which MetPro has complied with the destruction requirement.

3.      Defendant, MetPro, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them be enjoined and restrained during the pendency of this action, and permanently thereafter, from the manufacture, dealing in, marketing, sale, advertising or distribution in the United States of VCI plastic packaging products in the color yellow.

4.      Defendant MetPro, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them, be required, jointly and severally, to:

(a)      account for and pay over to NTI all profits derived from its acts of trademark infringement, unfair competition, and dilution in accordance with 15 U.S.C. § 1117(a) and the laws of Ohio, and that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

(b)      pay to NTI the amount of all damages incurred by NTI by reason of MetPro's acts of trademark infringement, unfair competition, and dilution trebled in accordance with 15 U.S.C. § 1117(a);

(c)     pay to NTI the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and Ohio Revised Code § 4165.03; and

(d)     file with the Court and serve on NTI an affidavit setting forth in detail the manner and form in which MetPro has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

5.     The Court enter judgment of infringement against MetPro and an award of all damages sustained by NTI including without limitation the profits MetPro has derived through its sale of the MetPro Products, such award to be enhanced to reflect the willfulness of MetPro's infringements, plus prejudgment and postjudgment interest thereon as allowed by law.

6.     The Court grant other and further relief as the Court shall deem equitable and just.


## JURY DEMAND

Plaintiff requests a trial by jury of any issue triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.


Dated: May 13, 2015

/s/ *Mark C. Johnson*
Mark C. Johnson (0072625)
mjohnson@rennerotto.com
Nicholas J. Gingo (0083684)
ngingo@rennerotto.com
Donald L. Otto (0019627)
dotto@rennerotto.com
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
216-621-1113 (telephone)
216-621-6165 (facsimile)